UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRI LEWIS STEVENS, AND JENNIFER AND CRAIG RIVERA** | CIVIL ACTION |
| VERSUS | NO. 20-928 |
| **THE ST. TAMMANY PARISH GOVERNMENT AND THE STATE OF LOUISIANA THROUGH ITS LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY** | SECTION "L" (1) |

### ORDER

On March 17, 2020, Plaintiffs filed their Complaint in this matter. R. Doc. 1. Defendant St. Tammany Parish Government's ("STPG") responsive pleadings are due on May 8, 2020, R. Doc. 50, and Defendant Louisiana Department of Environmental Quality's ("LDEQ") responsive pleadings are due on May 22, 2020, *see* Fed. R. Civ. P. 12(a)(1)(A)(ii). As such, no Answers or responsive pleadings have been filed in this matter to date. Meanwhile, on April 28, 2020, Plaintiffs filed a Motion for Partial Summary Judgment with respect to their claims against STPG, which is set for submission on May 13, 2020. R. Doc. 48.

The parties have not conducted a Rule 26(f) discovery conference, nor has the Court conducted a Rule 16 scheduling conference in this matter. Pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment procedure, the Court has the authority to deny or to defer consideration of Plaintiffs' Motion for Partial Summary Judgment until after the completion of discovery. Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer consideration of the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Moreover, the Fifth Circuit has

held that granting summary judgment is premature when discovery is not completed because it denies a party the opportunity to make a complete summary judgment record. *See Smith v. City of Jackson, Miss.*, 351 F.3d 183, 198 (5th Cir. 2003), *aff'd on other grounds,* 544 U.S. 228 (2005) (District Court erred in granting summary judgment to defendants because plaintiffs were denied opportunity to continue discovery and supplement the record); *see also Sunbelt Sav., FSB v. Montross*, 923 F.2d 353, 357, 358 (5th Cir. 1991) (holding that summary judgment was premature when discovery was still pending). Because the parties have not been provided with the opportunity to conduct discovery and the Court has not yet held a scheduling conference or issued a scheduling order, the Court concludes that Plaintiffs' Motion for Partial Summary Judgment is premature. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, R. Doc. 48, is hereby **DENIED AS PREMATURE**, reserving the right of the party to re-file at a later date, if necessary.

**IT IS FURTHER ORDERED** that Defendant St. Tammany Parish Government's Motion to Deny or, in the Alternative, to Defer Consideration of, Plaintiffs' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), R. Doc. 51, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant St. Tammany Parish Government's Motion to Expedite its Motion to Deny or, in the Alternative, to Defer Consideration of, Plaintiffs' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), is hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 6th day of May, 2020.

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE