# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRI LEWIS STEVENS and** | * | **CIVIL ACTION NO: 20-00928** |
| **JENNIFER AND CRAIG RIVERA** | * | |
| | * | |
| **VERSUS** | * | **SECTION L(1)** |
| | * | |
| **THE ST. TAMMANY PARISH** | * | **JUDGE FALLON** |
| **GOVERNMENT and THE STATE OF** | * | |
| **LOUISIANA THROUGH ITS** | * | **MAG. JUDGE VAN MEERVELD** |
| **LOUISIANA DEPARTMENT OF** | * | |
| **ENVIRONMENTAL QUALITY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY'S OPPOSITION TO THE PLAINTIFFS' MOTION FOR EXPEDITED HEARING ON THE MOTION TO FILE SECOND AMENDED COMPLAINT AND ALTERNATIVE MOTION TO GRANT IMMEDIATE LEAVE TO FILE SAME PURSUANT TO RULE 15(a)(2)

Defendant State of Louisiana through its Louisiana Department of Environmental Quality ("DEQ"), through its undersigned counsel, submits this opposition to the plaintiffs' motion for expedited hearing on the motion to file second amended complaint and alternative motion to grant immediate leave to file same pursuant to Rule 15(a)(2) (doc. 90). As the following establishes the Court should deny the plaintiff's motion.

## DISCUSSION

The plaintiffs seem determined to complicate this case procedurally. Such complication is not necessary. The plaintiffs filed a complaint and an amended complaint (docs. 1 and 44). The amended complaint was the "once as a matter of course" amendment to the complaint allowed the plaintiffs by Rule 15(a) of the Federal Rules of Civil Procedure. DEQ filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted

and for lack of jurisdiction (doc. 66).  Judge Fallon will hold oral argument on DEQ's motion to dismiss on June 23 (doc. 83).  A straight-forward path for the orderly determination of whether this Court has subject matter jurisdiction over the plaintiffs' claims against DEQ (and the sufficiency of the plaintiffs' claim, if subject matter jurisdiction exists) seemed clear.

The plaintiffs, however, apparently desire a more convoluted journey.  After Judge Fallon ordered that oral argument on DEQ's motion to dismiss the amended complaint would be held on June 23 (doc. 83), the plaintiffs attempted to file a motion for leave to file second amended complaint (doc. 87).[1]  That motion was more than just substantively infirm – it had an incorrect submission date (doc. 87-3), and the plaintiffs failed to indicate that it would be decided by Magistrate Judge van Meerveld.  The Clerk corrected the plaintiffs' gaffes (docs. 88 and 89).

The upshot of the various filings and orders as of June 7 was that the plaintiffs' motion for leave to file second amended complaint currently is noticed for submission on June 24, the day after Judge Fallon hears oral argument on DEQ's motion to dismiss.  DEQ has recognized this situation and was planning to file a motion to continue the submission date on the motion for leave to file second amended complaint until after Judge Fallon decides DEQ's motion to dismiss.  That way, if Judge Fallon decides that amendment of the first amended complaint might cure the defects raised by DEQ, the plaintiffs can file a second amended complaint directed at curing those defects (and other defects that Judge Fallon might note), rather than (as the plaintiffs have) prematurely filing a proposed second amended complaint (doc. 87-1) that the plaintiffs think cures the defects in their first amended complaint.[2]

---

[1]     DEQ and its co-defendant St. Tammany Parish Government ("St. Tammany") each advised the plaintiffs that they would not consent to the filing of a second amended complaint and advised the plaintiffs to file their motion for leave to file second amended complaint as a contested motion.

[2]     DEQ does not agree with the plaintiffs' apparent position that their proposed second amended complaint (doc. 87-1) cures the defects raised in DEQ's motion to dismiss.

Before DEQ could do so, however, the plaintiffs struck again.  On June 8, the plaintiffs filed their motion for expedited hearing on the motion to file second amended complaint and alternative motion to grant immediate leave to file same pursuant to Rule 15(a)(2) (doc. 90).  The plaintiffs desire an expedited hearing on their motion for leave to file second amended complaint and, alternatively, ask that the Court grant their motion for leave "without the necessity of a hearing" (rec. doc. 90).  The Court should do neither.

Concerning the plaintiffs' alternative relief request, as noted, DEQ previously advised the plaintiffs that it would not consent to the filing of a second amended complaint and advised the plaintiffs to file their motion for leave to file second amended complaint as a contested motion.  The plaintiff did so, albeit with electronic filing errors.  DEQ's position has not changed.  The plaintiffs may not agree with DEQ, but they cannot now ask the Court to grant the leave they seek on an *ex parte* basis, without DEQ having an opportunity to explain why the motion should not be granted.

As to the plaintiffs' request for an expedited hearing on their motion for leave to file second amended complaint, DEQ submits that such an expedited hearing would needlessly complicate this matter's orderly disposition.  Indeed, as argued above, DEQ urges that a continuance of the submission date on the motion for leave to file second amended complaint until after Judge Fallon decides DEQ's motion to dismiss, not an expedited hearing on the motion for leave, is the best way to proceed given the case's current posture.

## **CONCLUSION**

The plaintiffs commenced this lawsuit three months ago, on March 17, 2020 (doc. 1).  Since then, the plaintiffs have filled the record with filings, including a motion to expedite discovery, which they wanted heard on an expedited basis (docs. 9 and 10, denied by the Court at

doc. 13); an unsolicited memorandum on COVID-19 transmission (doc. 19); and a motion for preliminary and permanent injunctions against DEQ (doc. 36).  DEQ's only substantive filing not in response to a filing of the plaintiffs is DEQ's motion to dismiss (doc. 66).

The Court sorted through the procedural skirmishing that resulted from the parties' filings and, on May 18, ordered a reasonable schedule for resolving the pending substantive motions – oral argument on DEQ's motion to dismiss on June 23 and oral argument on the plaintiffs motion for injunctive relief against DEQ on July 8 (doc. 83).  The case should have continued on auto-pilot at least through the hearing on DEQ's motion to dismiss but, as noted, the plaintiffs seem determined to chart a different course and derail the case's orderly disposition by prematurely attempting to file their second amended complaint during the pendency of DEQ's motion to dismiss and, now, seeking an expedited hearing on that motion.  The Court should not grant the plaintiffs' motion for expedited hearing; instead, it should continue the hearing on the motion for leave to file second amended complaint until after Judge Fallon decides DEQ's motion to dismiss.

Respectfully submitted,

*/s/ Richard L. Traina*
RICHARD L. TRAINA, La. Bar No. 22170, T.A.
RYAN M. SEIDEMANN, La. Bar No. 28991
Assistant Attorneys General
Louisiana Department of Justice
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6030
Telecopier: (225) 326-6099
trainar@ag.louisiana.gov
seidemannr@ag.louisiana.gov

--and--

TIMOTHY W. HASSINGER (#25085)
PATRICK J. SCHEPENS (#32240)

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3 Sanctuary Blvd., 3rd Floor
Mandeville, Louisiana  70471
Telephone:  (985) 674-6680
Facsimile:   (985) 674-6681
Special Assistant Attorneys General

*Counsel for DEQ*