UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRI LEWIS STEVENS AND JENNIFER AND CRAIG RIVERA<br>Plaintiffs,<br>vs.<br>THE ST. TAMMANY PARISH GOVERNMENT AND THE STATE OF LOUISIANA THROUGH ITS LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY<br>Defendants. | CIVIL ACTION<br><br>NO. 2:20-cv-0928 (EEF)(JVM)<br>JUDGE: FALLON<br>MAGISTRATE: VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
THE PENDING MOTIONS TO DISMISS AS MOOT**

MAY IT PLEASE THE COURT:

**I. NATURE OF THE RELIEF SOUGHT**

Plaintiffs, Terri Lewis Stevens and Jennifer and Craig Rivera, have filed a motion to dismiss the two motions to dismiss [Docs. 65 and 66] as moot on account of the filing of the second amended complaint and the dismissal by the amendment of the LDEQ and the adding, in compliance with *Ex parte Young*, of the responsible public officials in their official capacities for injunctive relief and in their individual capacities for all other relief.

**II. PERTINENT PROCEDURAL HISTORY**

This is presented in the memorandum in support of the appeal/objection to the June 10, 2020 order and will not be repeated.

**III. SUMMARY OF THE ARGUMENT**

The grounds for this motion are set forth in the memorandum in support of the motion to file second amended complaint [Doc. 87.2], and the memorandum in support of the motion for an expedited hearing [Doc. 90-1]. When an amended complaint is filed in response to a motion to

1

dismiss, and the amended complaint purports to cure the grounds of the motion to dismiss, the motion to dismiss is normally dismissed as moot.

## IV. DOCTRINAL ANALYSIS OF THE EFFECT OF AN AMENDMENT

In 6 Fed. Prac. & Proc. Civ. § 1488 (3d ed.) (Wright & Miller) Amendments With Leave of Court—Timeliness of Motion to Amend, the authors state mootness:

> An amended complaint "supersedes the original and renders it of no legal effect." *West Run Student Hous. Assocs., LLC v. Huntington Natl. Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Defendants' motions to dismiss the original complaint are now moot. The motions will be denied without prejudice to defendants' ability to seek dismissal of the amended complaint to the extent that the flaws in plaintiffs' claims were not cured.

## V. THE SECOND AMENDED COMPLAINT IS CORRECTIVE AND CURATIVE THUS RENDERING THE MOTIONS TO DISMISS MOOT

The general rule is that prior and pending motions to dismiss are moot when comprehensive amended complaints are filed. This is particularly appropriate here. Plaintiffs have made new and much more specific allegations with clarified allegations as to notice and as to violations of the LPDES permit by sewage whereas only storm water is permitted, and has sued the LDEQ defendants in their individual and official capacities while amending out the LDEQ as a defendant.

In *Smith*, 120 Fed. Cl. 455, 460, the court stated:

> When an amended complaint is filed, "the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). In such a situation, "motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint." *Thompson v. Pallito,* 949 F.Supp.2d 558, 582 (D. Vt. 2013); *see also Ellipso, Inc. v. Mann,* 460 F.Supp.2d 99, 103 (D.D.C. 2006) ("Where a party amends its complaint, a pending motion to dismiss the original complaint is ordinarily denied without prejudice so that the movant can re-file the motion based on the amended pleading.")

This Court's allowance of the Second Amended Complaint would render moot defendant's pending motions to dismiss the original complaint. For instance, in *Rivera v. BMW of N. Am., LLC*,

No. 2:19-CV-7, 2019 WL 2539200, at *1 (N.D. Tex. Mar. 14, 019), *report and recommendation adopted*, No. 2:19-CV-007-D, 2019 WL 2540677 (N.D. Tex. Mar. 29, 2019) the court stated:

> Plaintiffs' amended complaint renders the original complaint of no legal effect because the amended complaint does not refer to, adopt, or incorporate by reference the original complaint. *See State Farm Lloyds v. Tony Ray Brown*, No. 3:08-CV-318-O, 2009 WL 10678159, at *1 (N.D. Tex. Jan. 16, 2009) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).
>
> ***
>
> An amended complaint generally, but not always, renders pending motions moot. *See, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."). "[A] motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs.*, LLC, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017).

This is also the general rule in Louisiana federal district courts. In *Lasalle v. Sasol N. Am.*, No. 19-CV-1091, 2020 WL 1979159, at *3 (W.D. La. Mar. 20, 2020), *report and recommendation adopted in part, rejected in part*, No. 19-CV-1091, 2020 WL 1977257 (W.D. La. Apr. 24, 2020):

> "An amended complaint generally, but not always, renders pending motions moot." *Rivera v. BMW of North America, LLC*, 2019 WL 2539200, at * 1 (N.D. Tex. Mar. 14, 2019) (citations omitted). Given the Second Supplemental and Amended Complaint [doc. 32, att. 4], directly addresses deficiencies alleged in this motion to dismiss, we recommend the motion be denied as moot.

In *Melson v. Vista World Inc. & Assocs.*, No. CIV.A. 12-135, 2012 WL 6002680, at *12 (E.D. La. Nov. 30, 2012), the court stated:

> B. Motions to Dismiss Filed Prior to Plaintiff's Amended and Superseding Complaint

> For the following reasons, the Court denies as moot the Motion to Dismiss for Failure to State a Claim (R. Doc. 12) and the Motion to Dismiss for Lack of Personal Jurisdiction (R. Doc. 13).
>
> Vista World and Global filed separate Motions to Dismiss in response to Plaintiff's original complaint. Plaintiff subsequently amended her complaint (R. Doc. 33) and defendants filed a Motion to Dismiss (R. Doc. 36). The Court must therefore analyze the effect of an amended complaint and subsequent Rule 12(b)(6) motion on a previously filed Rule 12(b)(6) motion.
>
> Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 15. Some courts hold that a pending Rule 12(b)(6) becomes moot. Other courts, however, hold that the filing of an amended complaint does not automatically moot a pending Rule 12(b)(6) motion.
>
> Since Global and Vista World have filed a new motion to dismiss, the Court need not decide the merits of the previously filed Rule 12(b)(6) motions. When a new Rule 12(b)(6) motion is filed that specifically addresses an amended complaint, "it surely makes sense to disregard the pending [Rule 12(b)(6) ] motion[s]." Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 15. Accordingly, the previously filed motions to dismiss are denied as moot. [Footnotes omitted].

In Federal Rules of Civil Procedure, Rules and Commentary Rule 15. Amended and Supplemental Pleadings, **Effect of an amended complaint on a pending Rule 12(b)(6) motion,** the Gensler states:

> Courts vary in how they proceed when the plaintiff files an amended complaint while a Rule 12(b)(6) motion is pending. Some opinions say that a pending Rule 12(b)(6) motion is mooted when the plaintiff files an amended complaint in response. Under that approach, the defendant must file a new response to the amended complaint. Whether the new response is an answer or yet another Rule 12 motion will depend on whether the amendments met all of the objections or defenses that had been raised in the motion and whether any of the new allegations give rise to new defenses or objections.
>
> Other courts, however, hold that the filing of the amended complaint does not automatically moot a pending Rule 12(b)(6) motion and will address the pending motion to the extent the defenses and objections it raises remain unresolved. As one court put it, a pending Rule 12(b)(6) motion automatically "transfers" to the amended complaint, thus satisfying the defendant's duty to respond and tolling the time to answer. [Footnotes omitted]

> See footnote 37 for a listing of many cases standing for the proposition that, when timely filed, an amended complaint becomes the operative pleading so that any pending motion to dismiss becomes moot. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008, (9th Cir. 2015); *Dykes v. Portfolio Recovery Associates, LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) ("It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot"); *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014); *Trustees of University of Pennsylvania v. St. Jude Children's Research Hosp.*, 982 F.Supp. 2d 518, 521 n.3, (E.D. Pa. 2013); *Praileau v. Fischer*, 930 F. Supp. 2d 383, 388 (N.D. N.Y. 2013); *Calloway v. Green Tree Servicing*, LLC, 599 F.Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot.*")*

In *Hawn v. Hughes*, No. 1:13-CV-00036-GHD, 2014 WL 4384236, at *1–9 (N.D. Miss. Sept. 3, 2014), the court addressed the issue of Eleventh Amendment immunity; the main issue raised by LDEQ. At *8, that court stated:

> It is clear to this Court—and apparently also to Plaintiffs—that any such judgment would "be paid from public funds in the state treasury." See *Edelman*, 415 U.S. at 663, 94 S.Ct. 1347. The weight of case law compels this Court to come to the logical conclusion that the relief sought by Plaintiffs and Officer Hughes against the Commissioner is impermissible relief "against the sovereign." See *Pennhurst*, 465 U.S. at 101, 104 S.Ct. 900. Because the claims and cross-claims against the Commissioner in his official capacity fail to allege an ongoing violation of federal law and fail to seek the appropriate relief under *Ex parte Young*, the claims and cross-claims against the Commissioner do not fall within the *Ex parte Young* exception to Eleventh Amendment immunity.

The court continues at *9:

> Plaintiffs' claims against Defendants Christopher (C.G.) Hughes and Michael Berthay, in their individual capacities, remain viable, and Defendants Christopher (C.G.) Hughes and Michael Berthay remain parties in the action.

Plaintiffs, in their Second Amended Complaint, remove the LDEQ as a defendant and instead name individual LDEQ defendants in their individual and official capacities as defendants. This successfully addresses LDEQ's claim to Eleventh Amendment immunity, which does not apply to state officials sued in their individual capacities. Consequently, if this Court fails to vacate the June 10, 2020 order and conducts a hearing on LDEQ's motion to dismiss without granting

5

Plaintiffs leave to file Second Amended Complaint, it would be asked to make hypothetical rulings on moot issues filed by a party (LDEQ) which has been dismissed from the case.

## CONCLUSION

Inasmuch as the second amended complaint has been filed, the pending motions to dismiss are moot and should be dismissed as such. The June 23, 2020 hearing should be cancelled.

> Respectfully submitted,
> KOERNER LAW FIRM
> /s/ Louis R. Koerner, Jr.
> Louis R. Koerner, Jr.
> Louisiana Bar 7817
> 1204 Jackson Avenue
> New Orleans, Louisiana 70130
> New Orleans: 504-581-9569
> Telecopier: 504-324-1798
> (Cellular) 504-405-1411
> e-mail: koerner@koerner-law.com
> URL: http:/www.koerner-law.com
> *Attorneys for Terri Lewis Stevens and Jennifer and Craig Rivera*

## CERTIFICATE

I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on June 19, 2020.

> /s/Louis R. Koerner, Jr.
> Louis R. Koerner, Jr.