UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRI LEWIS STEVENS AND JENNIFER AND CRAIG RIVERA<br>Plaintiffs,<br>vs.<br>THE ST. TAMMANY PARISH GOVERNMENT AND THE STATE OF LOUISIANA THROUGH ITS LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY<br>Defendants. | CIVIL ACTION<br><br>NO. 2:20-cv-0928 (EEF)(JVM)<br>JUDGE: FALLON<br>MAGISTRATE: VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION FOR APPEAL/REVIEW OF THE JUNE 10, 2020 ORDER [DOC. 95] OF THE HONORABLE JANIS VAN MEERVELD, MAGISTRATE JUDGE DENYING THE MOTION TO EXPEDITE HEARING ON THE MOTION TO FILE THE SECOND AMENDED COMPLAINT AND SETTING IT ON JULY 8, 2020 AFTER THE JUNE 23, 2020 HEARING ON MOTIONS TO DISMISS THAT WOULD BE MADE MOOT BY THE SECOND AMENDED COMPLAINT**

MAY IT PLEASE THE COURT:

### I. NATURE OF THE RELIEF SOUGHT

Plaintiffs, Terri Lewis Stevens and Jennifer and Craig Rivera, have filed a motion for review/objection to the order of the Honorable Janis Van Meerveld, United States Magistrate Judge, of June 10, 2020 [Doc. 95] denying the motion to expedite hearing on the motion to file the second amended complaint and setting it on July 8, 2020 after the June 23, 2020 hearing on motions to dismiss [Docs. 65 and 66] that are made moot by the second amended complaint.

By the amendments of the LDEQ and the adding, in compliance with *Ex parte Young*, of the responsible public officials in their official capacities for injunctive relief and in their individual capacities for other relief in their filed Second Amended Complaint, the two motions to dismiss [Docs. 65 and 6] to be heard on June 23, 2020, before the set July 8, 2020 hearing plaintiffs' motion for leave to file second amended petition would be made moot.

## II. PERTINENT PROCEDURAL HISTORY

The original complaint [Doc. 1] was filed on March 17, 2020. The first amended complaint [Doc. 44], which provided much more detail was filed on April 27, 2020 and prior to the filing of the motions to dismiss. Undersigned counsel was involved in a bicycle accident on May 9, 2020. Both the STPG and the LDEQ filed their motions to dismiss [Doc. 65 and Doc. 66] on May 12, 2020. Counsel for plaintiff, recognizing that a second amended complaint needed to be prepared in order to cure deficiencies in the first two complaints, immediately began work on the second amended complaint so as to file it well within the 21-day grace period provided by Rule 15(a)(2) [June 2, 2020], but his injury was sufficiently severe and the issues raised by the motions to dismiss were sufficiently challenging that he had to file a motion to continue all substantive motions [Doc. 82], which was granted [Doc. 83] until June 23, 2020 and July 8, 2020.

The first (and deficient) effort at filing the second amended complaint was on June 2, 2020 [Doc. 84-85], the 21st day and therefore timely within Rule 15(a)(2). The second and non-deficient filings [Doc. 86-87] were on June 3, 2020 wherein plaintiffs successfully filed their Motion to File Second Amended Complaint along with a Memorandum in Support of Motion to File Second Amended Complaint and on Its Effect on the Pending Motions to Dismiss. In an abundance of caution and on account of defendants' vehement but generic opposition, a notice of submission was filed for June 23, 2020, but set on June 24, 2020, the day after the hearing on the motions to dismiss (which the second amended complaint was intended to cure and which, as demonstrated by the supporting memorandum [Doc. 86-1 and 87-4]), did cure. On June 8, 2020, plaintiffs filed their Motion for Expedited Hearing on the Motion to File Second Amended Complaint and Alternative Motion to Grant Immediate Leave to File Same Pursuant to Rule 15(a)(2) ["Motion for Expedited Hearing"], with supporting memorandum [Doc. 90-91].

On June 10, 2020, the Honorable Magistrate Judge Janis Meerveld signed an Order [Doc. 95] granting Plaintiffs' Motion for Leave to File Excess Pages [Doc. 86], denying Plaintiffs' Motion for Expedited Hearing, and continuing the submission date for the Motion for Leave to File Second Amended Complaint to July 8, 2020.

Plaintiffs are also this day filing a motion to dismiss defendants' motions to dismiss which is based on identical facts.

### III. SUMMARY OF THE ARGUMENT

The grounds for this motion are set forth in the memorandum in support of the motion to file second amended complaint [Doc. 87.2], and the memorandum in support of the motion for an expedited hearing [Doc. 91]. The arguments as set forth hereinafter are summarized as follows:

1. Although one amended complaint was filed prior to the filing of the motions to dismiss, the corrective and curative second amended complaint was filed within twenty-one days of the filing of the two motions to dismiss.

2. It is a complete waste of time and of both legal and judicial resources to have to oppose and then hear motions, at least one of which (LDEQ) had some merit when filed, but which are now mooted by the filed but not-yet-granted amended complaint. Moreover, the LDEQ lost standing as it has been amended out of the case. The Court is asked to make hypothetical rulings on moot issues by a party (LDEQ) who is being dismissed from the case.

3. When an amended complaint is filed in response to a motion to dismiss, and the amended complaint purports to cure the grounds of the motion to dismiss, the motion to dismiss is normally dismissed as moot, and therefore the hearing on motion for leave to file an amended complaint should be held before any hearing on any possible remaining grounds for motion to dismiss.

## IV. LR 72.2 PROVIDES FOR REVIEW

The appropriateness of review of a Magistrate Judge's order or decision is established by LR 72.2:

**LR 72.2 Review of Magistrate Judges' Orders**

A motion to review a magistrate judge's order or an objection to the proposed findings and recommendation of a magistrate judge must be made by filing a motion or objection along with a supporting memorandum. The motion must be noticed for submission to the district judge in the manner provided in these rules for motions. [Amended February 1, 2011]

## V. STANDARD OF CONSIDERATION UNDER RULE 15(a)(2) AND ITS APPLICATION BY THIS AND OTHER COURTS

This is well-trod ground in this Court and in other Louisiana district courts, other district courts within the Fifth Circuit, and in other jurisdictions. Another section of this Court, in *CNG Producing Co. v. Indeck Gas Supply Corp.*, No. CIV A 93-0378, 1993 WL 455650, at *1–3 (E.D. La. Nov. 4, 1993), stated that "[t]he policy of the federal rules is to permit liberal pleading and amendment. See *Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir. 1985)." As such, denial of leave to amend must fall within one of the following six (6) different justifications: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) repeated failure to cure deficiencies by prior amendment, (5) undue prejudice to the opposing party, and (6) the futility of the amendment. *Id.* In *Alfred v. State of Louisiana Dep't of Corr.*, No. CIV.A. 14-298-SDD-RL, 2015 WL 566433, at *2 (M.D. La. Feb. 10, 2015), the court found that "[a]lthough leave to amend should not be automatically granted, a district court must possess a substantial reason to deny a request for leave to amend."

Here, plaintiffs' Second Amended Complaint was completely justified. It followed a motion to continue all substantive motions [Doc. 82] following a serious bike injury, all while remedying the contention of the motions to dismiss. Leave to amend would not cause undue delay. To the contrary; plaintiffs have filed a Second Amended complaint that will cure, as carefully

4

asserted in the supporting memorandum and even more clearly hereinafter, all grounds of the motions to dismiss, through clarification and specification of plaintiffs' claims and dismissal of and adding parties, thus mooting any asserted grounds for dismissal. Requiring the Court and all parties to spend time and resources in replying to and conducting hearings on motions to dismiss without having granted prior a chance to successfully amend their complaint after consideration of grounds for the motion to dismiss would cause undue delay. In *CNG*, another section of this Court found (at *1) that movant's lack of timeliness could not bar the amendment, for the trial, originally scheduled for January 1994, was continued to May 1994. Here, of course, no trial date has been yet set; discovery has not yet begun; and defendants have not even denied the truth of plaintiffs' allegations. Accordingly, there is no reason to deny the request to amend.

In *CNG*, at *1, that court continued: "even if there is substantial reason to deny leave to amend, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." Here, many thousands of gallons of sewage, much undoubtedly tainted by COVID-19, will stagnate in Dove Park Subdivision and flow through plaintiffs' properties on its way to the sea.

As to the last criterion, futility, another section of this court stated in *Baudy v. Adame*, No. CV 19-13345, 2020 WL 815031, at *8 (E.D. La. Feb. 19, 2020) that allowing a plaintiff to amend a complaint is futile only when the amended complaint would fail to state a claim upon which relief could be granted. Finding no futility in the proposed amended complaint as it presented a plausible claim that defendants committed fraud, the court denied the motion to dismiss and granted plaintiffs' motion for leave to file first amended complaint.

In their Second Amended Complaint, plaintiffs successfully address every issue raised by the motions to dismiss through clarification of the allegations of the complaint and removal of LDEQ as defendant in favor of individuals.

Other district courts within the Fifth Circuit have granted amendments under similar circumstances. In *McLane Co., Inc. v. ASG Techs. Grp. Inc.*, No. 617CV00166ADAJCM, 2018 WL 7291380, at *1–5 (W.D. Tex. Oct. 17, 2018), the court stated that it had discretion over whether to grant or deny a motion for leave to amend and that "the party seeking untimely leave is required to show the deadline cannot reasonably be met despite the diligence of the party needing the extension," giving four factors under which it evaluates whether the moving party has "good cause" to amend their complaint:

> This 'good cause' standard imposes four factors: (1) the explanation for the delay in moving for leave; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and, (4) the availability of a continuance to cure such prejudice. (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir.2003) ). **If a party shows good cause for missing the deadline, then the more liberal Rule 15(a) applies**. (Emphasis added)

In *Bos. v. Orthofix Med., Inc.*, No. 4:19-CV-00438, 2019 WL 4346541, at *2 (E.D. Tex. Sept. 12, 2019), the court found that since plaintiff did not plead sufficient facts to state a claim against defendant in her original claim, she "should be given leaven to amend her complaint […]. The Court finds that granting Plaintiff's request to amend her complaint is appropriate." See also *Aforigho v. Tape Prod. Co.*, 334 F.R.D. 86, 90–91 (S.D. Tex. 2020); *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 495400, at *1–2 (E.D. Tex. Jan. 30, 2020); and *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012).

The same rule applies in other jurisdictions. In *Smith v. United States*, 120 Fed. Cl. 455, 458 (2015), the court stated:

> As this Court has noted previously, our rules are modeled after the Federal Rules of Civil Procedure, which "reject the approach that pleading is a game of skill

6

in which one misstep by counsel may be decisive to the outcome." *Delpin Aponte v. United States,* 83 Fed.Cl. 80, 89 (2008) (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although leave to amend shall be freely given "when justice so requires," RCFC 15(a)(2), futility of amendment will justify a court's refusal to allow amendment, *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Many circuits treat the futility inquiry as employing a standard analogous to the one used for a motion to dismiss, under which a futile complaint is one that has failed to state a claim upon which relief can be granted. *See, e.g., Budhun v. Reading Hosp. and Med. Ctr.,* 765 F.3d 245, 259 (3d Cir. 2014) ("Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim.")

See also *Jackson v. Bd. of Commissioners of Hous. Auth. of City of Prichard*, No. CV 17-0149-WS-M, 2017 WL 2880551, at *1–4 (S.D. Ala. July 6, 2017); and *Mamon v. Wiltshire*, No. CIVIL 2011-38, 2012 WL 4069586, at *1 (D.V.I. Sept. 17, 2012).

The Second Amended Complaint contains sufficient factual allegations to raise the right of relief above the speculation level and successfully addresses and rebuts contended bases for dismissal.

In *Foster v. DeLuca*, 545 F.3d 582, 583–85 (7th Cir. 2008), the court stated:

> **"Amendments to make technical changes concerning a party"** are generally permissible, *Jones v. State of Louisiana, Through the Board of Trustees for State Colleges & Univs.,* 764 F.2d 1183, 1186 (5th Cir. 1985), and the practice of generally permitting such amendments "is desirable and furthers one of the basic objectives of the federal rules the determination of cases on their merits." Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990).

### VI. DOCTRINAL ANALYSIS OF THE PURPOSE OF RULE 15(a)

Two sections from Wright & Miller clearly articulate the purpose and meaning of Rule 15(a) and the intellectual basis for the liberality of amendment. In 6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) (Wright & Miller) Types of Amendments Permitted Under Rule 15(a), the authors state:

> Rule 15(a) does not enumerate the particular purposes for which an amendment may be sought; it simply provides a basic policy statement and a procedural framework to be followed by a party desiring to amend a pleading.

7

Given this flexibility, courts have allowed amendments to be made for a variety of reasons.

Perhaps the most common use of Rule 15(a) is by a party seeking to amend in order to cure a defective pleading.

* * * *

A more common use of Rule 15(a) amendments is to correct insufficiently stated claims or defenses.[6] Typically, amendments of this character involve either adding a necessary allegation in order to state a claim for relief or correcting a misnomer of a party to the action.[7] Thus, in a suit for damages arising out of the death of plaintiff's son, plaintiff was allowed to amend his complaint to change the name of one of the coplaintiffs when the attorney inadvertently had misnamed the deceased's father.[8] Along the same lines, a party may make an amendment to amplify a previously alleged claim or defense.[9] A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits.A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules-the determination of cases on their merits.[9.50]

Courts also have allowed a party to amend in order to change the nature or theory of the party's claim[10] or the capacity in which the party is bringing the action.[11] Plaintiffs[12] and defendants[13] also have been permitted to amend their pleadings to state additional claims, to assert additional defenses,[14] or to drop claims or defenses.[15]

In 6 Fed. Prac. & Proc. Civ. § 1488 (3d ed.) (Wright & Miller) Amendments With Leave of Court—Timeliness of Motion to Amend, the authors state as to timeliness:

Quite appropriately the courts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. These include: following discovery;[3] after a pretrial conference;[4] at a hearing on a motion to dismiss or for summary judgment;[5] when the case is on the trial calendar and has been set for a hearing by the district court;[6] at the beginning,[7] during,[8] and at the close of trial;[9] after a judgment has been entered;[10] and even on remand following an appeal.[11]

The policy of allowing amendments to be made at any time during the litigation is sound. It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial. Nonetheless, in keeping with the purpose of Rule 15(a), which is to facilitate a determination of the action on its merits,[12] a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.

8

>An amended complaint "supersedes the original and renders it of no legal effect." *West Run Student Hous. Assocs., LLC v. Huntington Natl. Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Defendants' motions to dismiss the original complaint are now moot. The motions will be denied without prejudice to defendants' ability to seek dismissal of the amended complaint to the extent that the flaws in plaintiffs' claims were not cured.

### VII. THE SECOND AMENDED COMPLAINT IS CORRECTIVE AND CURATIVE THUS MOOTING MOTIONS TO DISMISS AND JUSTIFYING EXPEDITED CONSIDERATION

The general rule is that prior and pending motions to dismiss are moot when comprehensive amended complaints are filed. This is particularly appropriate here. Plaintiffs have made new and much more specific allegations with clarified allegations as to notice and as to violations of the LPDES permit by sewage whereas only storm water is permitted, and has sued the LDEQ defendants in their individual and official capacities while amending out the LDEQ as a defendant.

In *Smith*, 120 Fed. Cl. 455, 460, the court stated:

>When an amended complaint is filed, "the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). In such a situation, "motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint." *Thompson v. Pallito,* 949 F.Supp.2d 558, 582 (D. Vt. 2013); *see also Ellipso, Inc. v. Mann,* 460 F.Supp.2d 99, 103 (D.D.C. 2006) ("Where a party amends its complaint, a pending motion to dismiss the original complaint is ordinarily denied without prejudice so that the movant can re-file the motion based on the amended pleading.")

This Court's allowance of the Second Amended Complaint would render moot defendant's pending motions to dismiss the original complaint. For instance, in *Rivera v. BMW of N. Am., LLC*, No. 2:19-CV-7, 2019 WL 2539200, at *1 (N.D. Tex. Mar. 14, 019), *report and recommendation adopted*, No. 2:19-CV-007-D, 2019 WL 2540677 (N.D. Tex. Mar. 29, 2019) the court stated:

>Plaintiffs' amended complaint renders the original complaint of no legal effect because the amended complaint does not refer to, adopt, or incorporate by reference the original complaint. *See State Farm Lloyds v. Tony Ray Brown*, No. 3:08-CV-318-O, 2009 WL 10678159, at *1 (N.D. Tex. Jan. 16, 2009) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or

9

incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

\*\*\*

An amended complaint generally, but not always, renders pending motions moot. *See, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at \*2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at \*1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."). "[A] motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs.*, LLC, No. 3:16-CV-1112-M, 2017 WL 1078525, at \*5 (N.D. Tex. Mar. 22, 2017).

This is also the general rule in Louisiana federal district courts. In *Lasalle v. Sasol N. Am.*, No. 19-CV-1091, 2020 WL 1979159, at \*3 (W.D. La. Mar. 20, 2020), *report and recommendation adopted in part, rejected in part*, No. 19-CV-1091, 2020 WL 1977257 (W.D. La. Apr. 24, 2020):

> "An amended complaint generally, but not always, renders pending motions moot." *Rivera v. BMW of North America, LLC*, 2019 WL 2539200, at \* 1 (N.D. Tex. Mar. 14, 2019) (citations omitted). Given the Second Supplemental and Amended Complaint [doc. 32, att. 4], directly addresses deficiencies alleged in this motion to dismiss, we recommend the motion be denied as moot.

In *Melson v. Vista World Inc. & Assocs.*, No. CIV.A. 12-135, 2012 WL 6002680, at \*12 (E.D. La. Nov. 30, 2012), the court stated:

B. Motions to Dismiss Filed Prior to Plaintiff's Amended and Superseding Complaint

For the following reasons, the Court denies as moot the Motion to Dismiss for Failure to State a Claim (R. Doc. 12) and the Motion to Dismiss for Lack of Personal Jurisdiction (R. Doc. 13).

Vista World and Global filed separate Motions to Dismiss in response to Plaintiff's original complaint. Plaintiff subsequently amended her complaint (R. Doc. 33) and defendants filed a Motion to Dismiss (R. Doc. 36). The Court must therefore analyze the effect of an amended complaint and subsequent Rule 12(b)(6) motion on a previously filed Rule 12(b)(6) motion.

10

> Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 15. Some courts hold that a pending Rule 12(b)(6) becomes moot. Other courts, however, hold that the filing of an amended complaint does not automatically moot a pending Rule 12(b)(6) motion.
>
> Since Global and Vista World have filed a new motion to dismiss, the Court need not decide the merits of the previously filed Rule 12(b)(6) motions. When a new Rule 12(b)(6) motion is filed that specifically addresses an amended complaint, "it surely makes sense to disregard the pending [Rule 12(b)(6) ] motion[s]." Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 15. Accordingly, the previously filed motions to dismiss are denied as moot. [Footnotes omitted].

In Federal Rules of Civil Procedure, Rules and Commentary Rule 15. Amended and Supplemental Pleadings, **Effect of an amended complaint on a pending Rule 12(b)(6) motion,** the Gensler states:

> Courts vary in how they proceed when the plaintiff files an amended complaint while a Rule 12(b)(6) motion is pending. Some opinions say that a pending Rule 12(b)(6) motion is mooted when the plaintiff files an amended complaint in response. Under that approach, the defendant must file a new response to the amended complaint. Whether the new response is an answer or yet another Rule 12 motion will depend on whether the amendments met all of the objections or defenses that had been raised in the motion and whether any of the new allegations give rise to new defenses or objections.
>
> Other courts, however, hold that the filing of the amended complaint does not automatically moot a pending Rule 12(b)(6) motion and will address the pending motion to the extent the defenses and objections it raises remain unresolved. As one court put it, a pending Rule 12(b)(6) motion automatically "transfers" to the amended complaint, thus satisfying the defendant's duty to respond and tolling the time to answer. [Footnotes omitted]
>
> See footnote 37 for a listing of many cases standing for the proposition that, when timely filed, an amended complaint becomes the operative pleading so that any pending motion to dismiss becomes moot. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008, (9th Cir. 2015); *Dykes v. Portfolio Recovery Associates, LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) ("It is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot"); *Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014); *Trustees of University of Pennsylvania v. St. Jude Children's Research Hosp.*, 982 F.Supp. 2d 518, 521 n.3, (E.D. Pa. 2013); *Praileau v. Fischer*, 930 F. Supp. 2d 383, 388 (N.D. N.Y. 2013); *Calloway v. Green Tree*

*Servicing*, LLC, 599 F.Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot.")

In *Hawn v. Hughes*, No. 1:13-CV-00036-GHD, 2014 WL 4384236, at *1–9 (N.D. Miss. Sept. 3, 2014), the court addressed the issue of Eleventh Amendment immunity; the main issue raised by LDEQ. At *8, that court stated:

> It is clear to this Court—and apparently also to Plaintiffs—that any such judgment would "be paid from public funds in the state treasury." See *Edelman*, 415 U.S. at 663, 94 S.Ct. 1347. The weight of case law compels this Court to come to the logical conclusion that the relief sought by Plaintiffs and Officer Hughes against the Commissioner is impermissible relief "against the sovereign." See *Pennhurst*, 465 U.S. at 101, 104 S.Ct. 900. Because the claims and cross-claims against the Commissioner in his official capacity fail to allege an ongoing violation of federal law and fail to seek the appropriate relief under *Ex parte Young*, the claims and cross-claims against the Commissioner do not fall within the *Ex parte Young* exception to Eleventh Amendment immunity.

The court continues at *9:

> Plaintiffs' claims against Defendants Christopher (C.G.) Hughes and Michael Berthay, in their individual capacities, remain viable, and Defendants Christopher (C.G.) Hughes and Michael Berthay remain parties in the action.

Plaintiffs, in their Second Amended Complaint, remove the LDEQ as a defendant and instead name individual LDEQ defendants in their individual and official capacities as defendants. This successfully addresses LDEQ's claim to Eleventh Amendment immunity, which does not apply to state officials sued in their individual capacities. Consequently, if this Court fails to vacate the June 10, 2020 order and conducts a hearing on LDEQ's motion to dismiss without granting Plaintiffs leave to file Second Amended Complaint, it would be asked to make hypothetical rulings on moot issues filed by a party (LDEQ) which has been dismissed from the case.

## CONCLUSION

Leave to file the second amended complaint should be heard and granted before the hearing on defendants' motions to dismiss as plaintiffs' second amended complaint renders them moot.

                Respectfully submitted,
                KOERNER LAW FIRM
                /s/ Louis R. Koerner, Jr.
                Louis R. Koerner, Jr.
                Louisiana Bar 7817
                1204 Jackson Avenue
                New Orleans, Louisiana 70130
                New Orleans: 504-581-9569
                Telecopier: 504-324-1798
                (Cellular) 504-405-1411
                e-mail: koerner@koerner-law.com
                URL: http:/www.koerner-law.com
                *Attorneys for Terri Lewis Stevens and*
                *Jennifer and Craig Rivera*

## CERTIFICATE

    I hereby certify that a copy of the foregoing pleading has been served upon all interested counsel by ECF filing on June 19, 2020.

                /s/Louis R. Koerner, Jr.
                Louis R. Koerner, Jr.