UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRI LEWIS STEVENS AND JENNIFER AND CRAIG RIVERA** | * * * | **CIVIL ACTION** |
| **VERSUS** | * * | **NO. 20-928** |
| **THE ST. TAMMANY PARISH GOVERNMENT** | * * | **SECTION "L" (1)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Amend and/or Reconsider Judgment, R. Doc. 143, regarding this Court's July 23, 2020 Order and Reasons and subsequent Judgment dismissing the present lawsuit with prejudice. R. Docs. 138; 143. Defendant St. Tammany Parish Government filed a response in opposition on September 8, 2020, R. Doc. 162. Plaintiffs filed a reply on September 16, 2020, R. Doc. 165. Having considered the pertinent pleadings and all parties' arguments, the Court now rules as follows.

**I.  BACKGROUND**

Plaintiffs Terri Lewis Stevens, Craig Rivera, and Jennifer Rivera (collectively, "Plaintiffs") brought suit against Defendants St. Tammany Parish Government ("STPG") and the Louisiana Department of Environmental Quality ("LDEQ") for past and ongoing violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, and the Louisiana Pollution Discharge Elimination System Permit No. LAR04000, as well as for a failure to enforce the permit, the CWA, and applicable laws of the state of Louisiana. R. Doc. 1 at 1. Specifically, Plaintiffs alleged that the "sanitary sewer overflows . . . and other pollutants are conveyed by STPG drainage ditches to a catch basin" flows to the Stevens' property, then the Rivera's property, and then into various "waters of the United States," and that this increases the storm and sewage burden on Plaintiffs'

1

properties. R. Doc. 1 at 2. Plaintiffs also alleged that LDEQ "has not met its obligations and has not prevented the STPG from discharging sewage, stormwater, and other pollutants into the water of the United States through [P]laintiffs' private properties." R. Doc. 1 at 3.

Before filing this lawsuit, Plaintiffs were litigating a case in the 22nd Judicial District Court for the Parish of St. Tammany involving the same Defendant STPG and the same claims. *Stevens v. St. Tammany Parish Government*, No. 2015-10649, Division "H" (Hon. Alan A. Zaunbrecher), 22nd Judicial District Court for the Parish of St. Tammany. After five years of protracted litigation, the state court issued a Final Judgment in favor of STPG on August 17, 2018. *See id.* After appealing this judgment to the First Circuit Court of Appeal for Louisiana, Plaintiffs filed the present suit before this Court. R. Doc. 1-8 at 1, 58; R. Doc. 65-1 at 2.

The procedural history in this case is set forth in an unusually large number of documents since Plaintiffs filed their first Complaint on March 17, 2020. R. Doc. 1. Plaintiffs sought injunctive relief, actual and punitive damages, enforcement measures, and other remedies against STPG and LDEQ. R. Docs. 1 at 2; 87-1 at 19-20. On May 12, 2020, following months of contentious motions practice, STPG filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint and Amended Complaint. R. Doc. 65. Additionally, LDEQ filed a Motion to Dismiss for Lack of Jurisdiction, R. Doc. 66. Three days before oral argument was set for these motions, LDEQ was dismissed from the lawsuit by Plaintiffs without prejudice. R. Doc. 108. On June 23, 2020, the Court held oral argument on the remaining STPG Motion to Dismiss. R. Doc. 111. On July 23, 2020, the Court granted STPG's motion to dismiss the case on the grounds of *res judicata* and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. R. Doc. 138. That same day, the Court entered a Judgment which dismissed this lawsuit with prejudice and costs. R. Doc. 140.

Plaintiffs filed the instant Motion to Amend and/or Reconsider Judgment and to Stay These Proceedings on August 19, 2020, requesting that the Court alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or stay the case until the state court appeal has been resolved. R. Doc. 143. Plaintiffs also moved to amend their complaint a third time, which Magistrate Judge Van Meerveld denied as premature. R. Doc. 156. The present motion and the applicable law are analyzed below.

## II.  PENDING MOTION

Plaintiffs filed the present motion on August 19, 2020, requesting that the Court amend its July 23, 2020 Judgment or, in the alternative, stay the present lawsuit as "premature." R. Doc. 143. Plaintiffs contend they are entitled to relief for the following reasons: (1) Plaintiffs' appeal of the 22nd Judicial District Court for the Parish of St. Tammany's August 17, 2018 Final Judgment is still pending before the First Circuit; (2) the Court utilized the incorrect legal standard in its Rule 12(b)(6) analysis; and (3) Plaintiffs should be afforded the opportunity to file a third amended complaint to cure defects in their past complaints. R. Doc. 143 at 1-3. STPG filed an opposition on September 8, 2020, arguing that that (1) the doctrine of *res judicata* bars Plaintiffs' non-Clean Water Act claims, and also likely their Clean Water Act claims; (2) the Court used the correct legal standard in its Rule 12(b)(6) analysis; and (3) Plaintiffs do not have a right to file a third amended complaint to cure defects in their former pleadings. R. Doc. 162. Plaintiffs filed a reply on September 14, 2020. R. Doc. 165.

## III.  LAW AND ANALYSIS

To prevail on a Rule 59(e) motion to alter or amend a judgment, courts in this district have held that the moving party must prove one of the following: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable

3

evidence, (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is necessary is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). According to the parties, the only scenario currently at issue is whether the Court's Order and Reasons dismissing this lawsuit contained a manifest error of fact or law. R. Docs. 143; 162.

A "[c]ourt's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly," and the Fifth Circuit favors denial of Rule 59(e) motions to amend or alter. *Id.*; *see also Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 610-11 (5th Cir. 1993). Accordingly, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, as alleged here, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

In its July 23, 2020 Order and Reasons, the Court stated "**the judgment rendered in favor of STPG by the trial court was final**, **as evidenced by the Final Judgment entered on August 17, 2018,** for which the First Circuit Court of Appeals for Louisiana denied Plaintiffs' request for relief on application for supervisory writ." R. Doc. 138. Emphasis added. Plaintiffs and Defendants are correct in pointing out that the supervisory writ denial pertains only to Plaintiffs' nullity action

associated with the state court's August 17, 2018 Final Judgment. R. Docs. 162 at 9; 143 at 1-2. It is also true that Plaintiffs' appeal of the Final Judgment is still pending in the First Circuit, and oral argument took place on September 21, 2020. However, this minor factual error is inconsequential because the Court's analysis did not rest upon the existence or the outcome of the First Circuit appeal.

In the present case, all elements of Louisiana's *res judicata* statute are still satisfied, namely (1) the judgment in the prior action is valid and (2) the judgment is final. La. R.S. § 13:4231 (1991). In Louisiana, "a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice has been given." *Matherne v. TWH Holdings, LLC.*, 42012-1878 (La. App. 1 Cir. 12/6/13), 136 So. 3d 854, 860 (La. App. 1st Cir. 2013). Moreover, "[a] final judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice has been given." *Id.* at 361. According to the statute's comments, "the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter *unless the judgment is reversed on appeal*." La. R.S. § 13:4231 at Comment (d). Emphasis added. *See also* 1 La. Civ. L. Treatise, Civil Procedure § 6:5 (2d ed.) (stating "when the trial court renders a judgment that determines the merits of the case, the exception of res judicata, rather than the exception of lis pendens, would be appropriate in a subsequent suit between the same parties on a cause of action arising out of the same transaction or occurrence, *even while the judgment is on appeal*"). Emphasis added.

Here, there is no dispute that the 22nd Judicial District Court for the Parish of St. Tammany had jurisdiction over the underlying state court litigation and that it rendered a Final Judgment disposing of the merits of the case on August 17, 2018. It is inconsequential that an appeal of this Final Judgment is pending before the First Circuit. The preclusive effect of the Final Judgment

would only be in question if the First Circuit reversed the state court on appeal, which has not happened. Therefore, Plaintiffs' manifest error argument under Rule 59(e) has no merit, and all of Plaintiffs' non-Clean Water Act claims are definitively barred by the state court's Final Judgment. If Plaintiffs' Clean Water Act claims are not also barred by *res judicata*, they are still dismissed under Rule 12(b)(6) for failure to state a claim. R. Doc. 138 at 16-18. The Court will not revisit Plaintiffs' allegation that the Court used the wrong standard in in its Rule 12(b)(6) analysis, as this argument lacks merit. Furthermore, the Court will not entertain Plaintiffs' request to amend their complaint a third time, as it is completely inappropriate to do so at this stage of litigation.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion to Amend and/or Reconsider Judgment, R. Doc. 143, is **DENIED.**

New Orleans, Louisiana, this 15th day of October 2020.

ELDON E. FALLON
U.S. DISTRICT COURT JUDGE