UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRI LEWIS STEVENS AND JENNIFER AND CRAIG RIVERA<br>Plaintiffs, | CIVIL ACTION<br><br>NO. 2:20-cv-0928 (EEF)(JVM) |
| vs. | JUDGE: FALLON |
| THE ST. TAMMANY PARISH GOVERNMENT AND THE STATE OF LOUISIANA THROUGH ITS LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY | MAGISTRATE: VAN MEERVELD |
| Defendants. | |

**FINAL MEMORANDUM IN OPPOSITION TO MOTION OF THE
ST. TAMMANY PARISH GOVERNMENT FOR AN AWARD OF
ATTORNEY FEES AGAINST PLAINTIFFS AND THEIR COUNSEL**

MAY IT PLEASE THE COURT:

### I. INTRODUCTION

In the United States of America, a wronged party should not be deterred from bringing a good faith case to court for fear of punitive sanctions. Only statutory public interest litigation is an exception to the American Rule which provides that opposing parties must pay their own attorney fees, regardless of who prevails. Litigation is expensive, time-consuming and stressful. Courts properly make an effort to not allow a party with a meritorious case to be starved out by a corporate or government entity with unlimited resources. The threat of punitive attorney fee shifting could limit representation to those who can pay hefty hourly fees.

While the Fifth Circuit decision of November 15, 2021 was not complimentary and all rehearing applications were simply denied, that court was not asked to, nor did it unilaterally grant sanctions under FRAP Rule 38, 28 USC 1912, or 28 USC 1927. The STPG's supplemental motion recites only what was done post-dismissal and also asserts that the STPG is entitled to all fees

1

charged by its counsel for **all** legal work performed whether appropriately justified, reasonable, customary, or none of the above.

In a series of unfortunate events, undersigned counsel, who undertook a Westlaw QuickCheck of all substantive pleadings, encountered computer problems which caused him to lose five hours of work performed yesterday and unsuccessfully attempted today to be duplicated. Accordingly, this memorandum will be neither as long nor as thorough as is his usual practice in this Court.

### II. ADDITIONAL PROCEDURAL HISTORY

On February 25, 2021, a three-judge state panel, ignoring extensive briefing, issued an eight-page decision affirming the grant of the STPG's exception of no cause of action and dismissing other errors raised by Stevens/Rivera as protected by the lenient "abuse of discretion" standard of review. On March 29, 2022, the March 6, 2021 rehearing application was denied. The application for a writ of certiorari urging reversal of the February 25, 2022 decision will be promptly filed there and then here with an appropriate motion. As the effect of the granting of a C.C.P. 2004 nullity judgment is to set aside the original judgment (relied on by the district court in its reasons for judgment of dismissal with prejudice and the Fifth Circuit in its affirmance), this Court may wish to defer its ruling until there is a Louisiana Supreme Court disposition.

### III. SUMMARY OF THE ARGUMENT

1.  As the standard of consideration under fee shifting statutes when a defendant prevails (here 33 U.S.C. 1365(d)) and under 28 U.S.C. 1927 is the same, in order to justify fee shifting, the underlying lawsuit must be frivolous, unreasonable, or without foundation and/or unreasonably and vexatiously pursued even after it was obvious that it lacked merit.

2.  Until the entry of docs 138-140, neither the district court nor this Court uttered one word nor entered one order which did or should have put the plaintiffs and their counsel on notice

that the underlying lawsuit or any of its filings (for which motions seeking leave to make such filings were uniformly granted) might be considered frivolous, unreasonable, or without foundation and/or was unreasonably and vexatiously pursued. The orders on the post-trial motions, although these motions were denied, contained no suggestion that Judge Fallon found any pleadings filed or relief urged to be lacking in merit.

3.      Although it is the obligation of the moving party to identify any pleadings that are contended to be frivolous, unreasonable, without foundation or unreasonably and vexatiously pursued even after it was obvious that the underlying litigation or any particular pleading lacked merit or was filed unnecessarily, to extend the proceedings vexatiously, the STPG has provided no assistance whatsoever to this Court. There is no reason for this Court to review almost 200 docket entries, most of which are live.

4.      The original complaint was filed on March 17, 2020. The dismissals were on July 23, 2020 and the denial of post-trial relief and the notice of appeal on October 15, 2020. The STPG has asked that plaintiffs and their counsel be cast in some $170,000 of sanctions even though this in a per se unreasonable amount when so few substantive pleadings were filed and in such a short period of time.

5.      The first date on which the plaintiffs had any clue whatsoever that Judge Fallon found their claims and causes of action to be lacking was on July 23, 2020. Only on October 15, 2020 were the post-trial motions denied. The STPG has consistently skirted the consequences of these facts and this chronology.

## CONCLUSION

The undersigned has appeared in Judge Fallon's court many times and during many, many years and in this Court more recently but also many times. I have won some and lost some, but, other than in a RICO case some forty years ago, neither my conduct nor that or my clients has ever

3

been sanctionable. As Judge Christenberry told a lawyer when I was in his Court as a baby lawyer, "just because you say something twice does not make it so." None of the STPG's repetitious and vague filings provide any basis for sanctions. It is very difficult and takes a long time to prevail against governmental entities such as the STPG but I have "hung in there" since 2014 and finally gotten a favorable liability decision in *Masita v. Mamoulides*, --- So.3d ----, 2021 WL 5296978, 2020-0952 (La. App. 1 Cir. 11/15/21). Denial of sanctions will send the right message to lawyers who dare to fight for individual rights against unscrupulous governments.

> KOERNER LAW FIRM
> /s/ Louis R. Koerner, Jr.
> Louis R. Koerner, Jr.
> Louisiana Bar 7817
> 1204 Jackson Avenue
> New Orleans, Louisiana 70130
> New Orleans: 504-581-9569
> Telecopier: 504-324-1798
> (Cellular) 504-405-1411
> e-mail: koerner@koerner-law.com
> URL: http:/www.koerner-law.com
> *Attorneys for Terri Lewis Stevens*
> *and Jennifer and Craig Rivera*

## CERTIFICATE

I hereby certify that a copy of the foregoing has been served by ECF service on April 8, 2022.

/s/ Louis R. Koerner, Jr.